UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

            -against-

FABIAN ASTUDILLO and NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,

                             Defendants.
------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**

19 Civ. 3591 (WFK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is the motion to vacate the default judgment of foreclosure and sale at ECF No. 20, filed by Plaintiff Freedom Mortgage Corporation ("Plaintiff"). See generally ECF Nos. 23, 25-26, 29-30.[1] For the reasons discussed below, the Court respectfully recommends that Plaintiff's motion be granted by, more specifically, vacating the default judgment of foreclosure and sale entered in this action, pursuant to Federal Rule of Civil Procedure 60(b)(5), and directing the cancellation of the related notice of pendency, pursuant to NY CPLR § 6514.

I.    BACKGROUND

On June 19, 2019, Plaintiff instituted this action against Defendant Fabian Astudillo ("Mr. Astudillo"), seeking "to foreclose a [m]ortgage [(the 'Mortgage')] encumbering 212

---

[1] The Court notes that the filing at ECF No. 22, which was filed as a motion to vacate the default judgment at ECF No. 20 as well, appears to have been incorrectly filed in this action, as the filing pertains to another action in state court. As such, the Court respectfully recommends that this purported motion be terminated.

The Court also notes that ECF No. 24 appears to be a duplicate of ECF No. 25. As such, the Court has not considered ECF No. 24 in issuing this report and recommendation.

In response to the Court's 8/14/2024 Order, Plaintiff supplemented its motion. See generally ECF Nos. 29-30.

1

Howard Avenue, Brooklyn, NY 11233, together with the land, buildings . . . and other improvements located on the [p]roperty" ("the Property"), due to Mr. Astudillo's failure to make payments as required by the underlying note and the Mortgage. ECF No. 1 ¶¶ 1-4, 18.[2] In light of their failure to appear in the action, Plaintiff requested entries of default as to Mr. Astudillo and the Bureau, see generally ECF Nos. 10-10-1, which were entered, see generally ECF No. 11. Plaintiff subsequently moved for entry of a default judgment of foreclosure and sale, see generally ECF Nos. 16-19, which the District Court granted, see generally ECF No. 21; 3/3/2020 Dkt. Entry; 3/5/2020 Order. On March 5, 2020, the Court entered the default judgment of foreclosure and sale. See generally ECF No. 20.

On September 12, 2022, Mr. Astudillo filed a voluntary petition for Chapter 7 bankruptcy (the "Bankruptcy Action") at the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").[3] See generally In re Astudillo, No. 22 BK 42175 (NHL), Bankr. ECF No. 1. On October 13, 2022, in the Bankruptcy Action, Plaintiff moved for relief from the automatic stay as to Mr. Astudillo, for purposes of pursuing the foreclosure of the Mortgage and the sale of the Property. See generally id., Bankr. ECF No. 11. On October 16, 2022, in the Bankruptcy Action, Mr. Astudillo requested an order to enter the Bankruptcy Court's loss-

---

[2] Plaintiff also named New York City Transit Adjudication Bureau (the "Bureau") as a Defendant, given that it held a recorded lien on the Property that would be extinguished by foreclosure of the Mortgage. See ECF No. 1 ¶¶ 25-26.

[3] Although Plaintiff did not provide the Bankruptcy Action record, the Court can take judicial notice of the docket and the filings that were made thereon. See Fed. R. Evid. 201(b) (stating that "court[s] may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose actions cannot reasonably be questioned"); Johnson-Gellineau v. Stein & Assocs., P.C., 837 F. App'x 8, 11 (2d Cir. 2020) (reasoning that court orders are judicially noticeable pursuant to Federal Rule of Evidence 201(b) (citations omitted)).

mitigation program as to the Mortgage and the Property, see generally id., Bankr. ECF No. 12, which the Bankruptcy Court granted, see generally id., Bankr. ECF No. 15.

On October 19, 2023, in this action, Plaintiff moved to vacate the default judgment of foreclosure and sale previously entered and to cancel the notice of pendency filed in relation to the Property. See ECF No. 23 at 1.[4] The basis for Plaintiff's motion is that Plaintiff "entered into a loan modification agreement with . . . Defendants, which settled the case and nullified the [d]efault [j]udgment of [f]oreclosure and [s]ale." ECF No. 25 ¶ 3 (citation omitted).

In the Bankruptcy Action, on November 8, 2023, Plaintiff moved for approval of the loan-modification agreement reached with Mr. Astudillo as to the Mortgage and the Property, see generally In re Astudillo, No. 22 BK 42175 (NHL), Bankr. ECF No. 30, which motion was amended on November 13, 2023, see generally id., Bankr. ECF No. 31. On February 16, 2024, the Bankruptcy Court approved the loan-modification agreement. See generally id., Bankr. ECF No. 32. The Bankruptcy Court then entered an order of discharge on February 21, 2024, see generally id., Bankr. ECF No. 33, and entered a final decree and closed the bankruptcy case on March 6, 2024, see generally id., Bankr. ECF No. 36.

In this action, Mr. Astudillo did not oppose the motion. The Bureau has not responded to the motion.

---

[4] The Court notes that Plaintiff also requested "[d]iscontinuance of [a]ction." ECF No. 23 at 1. The action had been terminated on March 5, 2020, when the default judgment of foreclosure and sale was entered, such that the request for dismissal of the action is moot. See generally ECF No. 20; see also LoanCare, LLC v. Ragusa, No. 19 Civ. 1714 (JS) (ARL), 2021 WL 1318024, at *1 n.1 (E.D.N.Y. Apr. 8, 2021) (declining to address the plaintiff's request "to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2) . . . because th[e] case was dismissed and marked closed" previously (citations omitted)).

## II. DISCUSSION

The Court first addresses whether Plaintiff filed its motion within a reasonable time, as required by Federal Rule of Civil Procedure 60(c), then addresses whether Plaintiff is entitled to relief from the default judgment of foreclosure and sale, pursuant to Federal Rule of Civil Procedure 60(b)(5).[5]

### A. Whether Plaintiff's Motion Was Made Within A Reasonable Time, Pursuant to Federal Rule of Civil Procedure 60(c)

Federal Rule of Civil Procedure 60(c) requires that a motion made pursuant to Federal Rule of Civil 60(b) be filed within "a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a party has filed its motion within a reasonable time requires an assessment of "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017) (citations & quotations omitted); see Wang v. Int'l Bus. Mach. Corp., 839 F. App'x 643, 646 (2d Cir. 2021) (reasoning that, "although motions brought under Rule 60(b)(4), (5), or (6) are not subject to a strict one-year limitations period, they must nevertheless be brought within a reasonable time," which requires an assessment of "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality" (citations & quotations omitted)).

---

[5] Plaintiff filed its motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6). See ECF No. 20 ¶ 4. Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Given that this provision of the Rule "applies only when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule," Tapper v. Hearn, 833 F.3d 166, 172 (2d Cir. 2016) (citation & quotations omitted), and that Plaintiff has also filed its motion pursuant to Federal Rule of Civil Procedure 60(b)(5), the Court considers this motion as seeking relief only pursuant to Federal Rule of Civil Procedure 60(b)(5).

4

Because Plaintiff has presented a legitimate reason for the delay in filing this motion, Mr. Astudillo and the Bureau would not suffer prejudice if the motion were to be granted, and the interests in the finality of judgments are not of particular consequence in this action, the Court finds that Plaintiff's motion was filed with a reasonable time, in accordance with Federal Rule of Civil Procedure 60(c).

1. **The Reason For The Delay**

Plaintiff has presented a legitimate reason for the delay in filing this motion.

The default judgment of foreclosure and sale was entered on March 5, 2020. See generally ECF No. 20. On April 2, 2020, the foreclosure and sale were placed "on hold due to the Fannie Mae COVID 19 Moratorium." ECF No. 29 ¶ 4. After the expiration of the moratorium on March 24, 2022, on May 19, 2022, Plaintiff scheduled a foreclosure sale for September 13, 2022. See id. ¶¶ 5-6. On September 12, 2022, the day prior to the scheduled foreclosure sale, Mr. Astudillo filed for Chapter 7 bankruptcy. See id. ¶ 7; In re Astudillo, No. 22 BK 42175 (NHL), Bankr. ECF No. 1. As part of the Bankruptcy Court's loss-mitigation program, Mr. Astudillo executed a loan-modification agreement in relation to the Mortgage and the Property on September 13, 2023, which Plaintiff countersigned on October 5, 2023. See ECF No. 29 ¶ 8; In re Astudillo, No. 22 BK 42175 (NHL), Bankr. ECF Nos. 30 & 31. The bankruptcy filing delayed this motion because it resulted in an automatic stay of actions relating to the estate of Mr. Astudillo, including this action.[6] Entry into such a loan-modification

---

[6] The filing of the motion to vacate the default judgment of foreclosure and sale was originally filed prematurely, as it was filed in October 2023, but the Bankruptcy Court only approved the loan-modification agreement and lifted the stay to implement the modification in February 2024. See generally In re Astudillo, No. 22 BK 42175 (NHL), Bankr. ECF No. 32. The Bankruptcy Action led to the discharge of Mr. Astudillo's debts. See generally id., Bankr. ECF No. 33. The final decree was entered on March 8, 2024, see generally id., Bankr. ECF No. 36, and the

agreement subsequent to the entry of judgment is a legitimate reason for delay in filing a motion to vacate such judgment pursuant to Federal Rule of Civil Procedure 60(b).  See, e.g., Freedom Mortg. Corp. v. Demacro-Hudson, No. 19 Civ. 517 (KMK), 2024 WL 263462, at *1-2 (S.D.N.Y. Jan. 24, 2024) (considering the plaintiff's motion to vacate the default judgment of foreclosure and sale and to cancel the related notice of pendency where, nearly four years after entry of the default judgment, the parties entered into a loan-modification agreement that settled the action and holding that the motion was filed within a reasonable time, as required, in view of the defendant's Chapter 13 bankruptcy, which proceeded for more than two years, and the plaintiff's prompt filing of the motion after entering into the loan-modification agreement, which was done within three days (citations omitted)); Gustavia Home, LLC v. Bijoux, No. 16 Civ. 4029 (SJ) (RML), 2021 WL 5834286, at *1-2 (E.D.N.Y. Dec. 9, 2021) (granting the plaintiff's motion to vacate the default judgment of foreclosure and sale entered on November 1, 2017, which was filed on June 21, 2021, where the parties entered into a loan-modification agreement on or around March 30, 2021 (citation omitted)).  Plaintiff promptly filed the instant motion in this action on October 19, 2023, see generally ECF Nos. 23, 25-26, only two weeks after the full execution of the loan-modification agreement, as supplemented on August 15, 2024, at the request of the Court, see generally ECF Nos. 29-30.  The Bankruptcy Court stay was lifted in February 2024, and the matter was closed in March 2024, such that this motion is timely.

2. **Possible Prejudice To The Non-Moving Party**

Mr. Astudillo and the Bureau would not suffer prejudice if the Court were to grant this motion.

---

Bankruptcy Action was closed on that date.  Given that the Bankruptcy Action is concluded, and the stay has been dissolved, the Court may entertain this present motion.

The Court is unaware of any prejudice that would inure to Mr. Astudillo or the Bureau by vacating the default judgment, given that the judgment as it stands benefits Plaintiff, the moving party here, and disadvantages Mr. Astudillo and the Bureau.  See Freedom Mortgage Corp., 2024 WL 263462, at *1-2 (reasoning, in the context of a motion to vacate a default judgment of foreclosure and sale and to cancel a related notice of pendency, in view of subsequent entry into a loan-modification agreement, that the "[p]laintiff, who only stands to gain from the [j]udgment, wants it gone, and the [j]udgment's continuing existence only serves to hinder the [p]arties' relationship" (citations omitted)); cf. Wang, 839 F. App'x at 645-46 (holding that, where a judgment following settlement was entered in the action, "reopening th[e] case would cause significant prejudice to IBM, which already ha[d] paid Mr. Wang in accordance with the settlement" (citation omitted)).  Neither Mr. Astudillo nor the Bureau has opposed the motion or presented any arguments that granting the motion would cause prejudice to them, although both Mr. Astudillo and the Bureau were served with the motion and therefore had the opportunity to do so.  See generally ECF Nos. 26 & 30.

### 3. Interests Of Finality

The general interests of finality in judgments do not warrant a finding that Plaintiff did not file the instant motion within a reasonable time.

Although courts have an interest in maintaining the finality of judgments, foreclosure actions are filed with a relative degree of frequency and are generally based on an established body of law, such that vacating the default judgment entered in this action would not hinder the advancement of the decisional law in this area.  See, e.g., Freedom Mortg. Corp., 2024 WL 263462, at *2 (noting, as to finality, that, "in the context of foreclosure actions, . . . decisional law [is] hardly advanced" (citation & quotations omitted)); Eastern Sav. Bank, fsb v. Strez, 320

7

F.R.D. 9, 10-11 (E.D.N.Y. 2017) (reasoning that the "interests [that] zero in on public policy values in the finality of judicial proceedings and the collateral impacts such absence of finality might have on the development of decisional law . . . was hardly advanced in this proceeding," where the plaintiff sought foreclosure and then sought to vacate the judgment of foreclosure and sale entered and discontinue the action, given that "[t]he litigation was quite simply an action to foreclose on a home mortgage," which is "an unfortunate, standard and all too frequent occurrence," and that, although the judgment was "final for purposes of procedural and appellate rights," it was never "truly final in a practical sense," as "the relationship of the parties did not end with a decision entered on the foreclosure claim" because "[t]he borrowers remained in their home and . . . entered into a forbearance agreement with the lender" (citation omitted)).

**B. Whether Plaintiff Is Entitled To Relief From The Judgment Because "[A]pplying [I]t [P]rospectively [I]s [N]o [L]onger [E]quitable," Pursuant to Federal Rule of Civil Procedure 60(b)(5)**

Federal Rule of Civil Procedure 60(b)(5) provides, in pertinent part, that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for the following reasons: . . . (5) . . . applying [the judgment] . . . prospectively is no longer equitable." This prong of Federal Rule of Civil Procedure 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." Horne v. Flores, 557 U.S. 433, 447 (2009) (citation & quotations omitted). Although "[t]he party seeking relief bears the burden of establishing that changed circumstances warrant relief, . . . once a party carries this burden, a court abuses its discretion when it refuses to" grant relief. Id. (citations & quotations omitted); see Thai-Lao Lignite (Thailand) Co., 864 F.3d at 182 (reciting that "[t]he moving party bears the burden of "demonstrat[ing] that it is entitled to relief" and that

8

"courts [g]enerally require that the evidence in support of the motion to vacate a final judgment be highly convincing" (citation & quotations omitted)).

Courts in this Circuit have generally concluded that entry into a loan-modification agreement subsequent to the entry of a default judgment renders prospective application of such judgment no longer equitable. See, e.g., Freedom Mortg. Corp., 2024 WL 263462, at *1-3 (considering the plaintiff's motion to vacate the default judgment of foreclosure and sale and to cancel the related notice of pendency where the parties entered into a loan-modification agreement that settled the action; applying Federal Rule of Civil Procedure 60(b)(5) to decide whether applying the default judgment "prospectively is no longer equitable"; holding that vacatur of the default judgment was warranted, as (1) the "public policy concerns that ordinarily militate against permitting settling parties to contract around a litigated judgment are of little or no relevance, because here, decisional law [is] hardly advanced," (2) public policy "places a very high premium on keeping homeowners in their homes and rehabilitating mortgage lending relationships," and (3) "leaving the foreclosure judgment on the books is no longer equitable because the [p]arties have settled the dispute by way of a loan modification agreement," particularly given that the "[p]laintiff, who only stands to gain from the [j]udgment, wants it gone, and the [j]udgment's continuing existence only serves to hinder the [p]arties' relationship"; and cancelling the notice of pendency in accordance with NY CPLR § 6514(a) (citations & quotations omitted)); Gustavia Home, 2021 WL 5834286, at *1-2 (applying Federal Rule of Civil Procedure 60(b)(5) and granting the plaintiff's motion to vacate the default judgment of foreclosure and sale, given (1) that "[t]he parties entered into a loan modification agreement, which nullifies the [j]udgment of [f]oreclosure and [s]ale"; (2) that the "[p]laintiff, the party that originally brought the action, is the party seeking vacatur," which the "[d]efendant does not

9

contest"; and (3) that "the public interest strongly counsels vacatur," as "New York places a very high premium on keeping homeowners in their homes and rehabilitating mortgage lending relationships" (citations & quotations omitted)); LoanCare, 2021 WL 1318024, at *1-3 (considering the plaintiff's motion to vacate the default judgment of foreclosure and sale and to cancel the related notice of pendency; applying Federal Rules of Civil Procedure 60(b)(5); holding that, in view of the parties' settlement of the action by entry into a loan-modification agreement, "proactively applying the [j]udgment of [f]oreclosure and [s]ale [would] . . . no longer [be] equitable," per Federal Rule of Civil Procedure 60(b)(5), given (1) that the "public policy concerns that ordinarily militate against permitting settling parties to contract around a litigated judgment are of little or no relevance, because here, decisional law is hardly advanced," (2) that "[n]othing before the [c]ourt suggests that the parties are attempting to game the system in some fashion," (3) that the "[p]laintiff, the party seeking vacatur and dismissal, originally sought the [j]udgment of [f]oreclosure and [s]ale and can only benefit from continued enforcement of the [j]udgment of [f]oreclosure and [s]ale," and (4) that "no party has opposed [the p]laintiff's motion nor has any party requested relief from the [j]udgment of [f]oreclosure and [s]ale"; and cancelling the related notice of pendency pursuant to NY CPLR § 6514(a) (citations & quotations omitted)); U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Toney, No. 17 Civ. 5516 (MKB), 2019 WL 3779876, at *1-4 (E.D.N.Y. Aug. 12, 2019) (considering the plaintiff's motion to vacate the default judgment of foreclosure and sale, voluntarily dismiss the action, and cancel the related notice of pendency based upon a post-judgment loan-modification agreement; reciting Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6); reasoning that, "[i]n deciding whether to vacate a judgment upon settlement, the trend in this circuit . . . is that judgments should be vacated only after a careful balancing of the

interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law"; and concluding that such balancing "favor[ed] vacating the [j]udgment of [f]oreclosure and [s]ale," given that "there is no reason for the [c]ourt to deny vacatur of the [j]udgment of [f]oreclosure and [s]ale where the parties have entered into a loan modification agreement which would allow the homeowners to remain in their home and which, in effect, nullifies the [j]udgment of [f]oreclosure and [s]ale"; and granting the plaintiff's motion (citations & quotations omitted)).

In this case, the-loan modification agreement that resulted in the present motion was negotiated within the Bankruptcy Court's loss-mitigation program with the extensive oversight by the Bankruptcy Court. See generally In re Astudillo, No. 22 BK 42175 (NHL). The modification, as part of the resolution of the Bankruptcy Action, was approved by the Bankruptcy Court. See generally id., Bankr. ECF No. 32. Finality in the judgment that has been discharged, subject to the loan-modification agreement, would not serve any purpose before this Court, and its vacatur helps reflect the revised financial relationship between Plaintiff and Mr. Astudillo.

The Court respectfully recommends that Plaintiff be granted the requested relief pursuant to Federal Rule of Civil Procedure 60(b)(5). In sum, prospectively applying the default judgment of foreclosure and sale in this case is no longer equitable, given that Plaintiff and Mr. Astudillo entered into a loan-modification agreement that effectively nullified such judgment, see ECF No. 25 ¶ 3; that Plaintiff, which is the party that stands to benefit from the judgment, is seeking its vacatur, see generally ECF No. 23; that neither Mr. Astudillo nor the Bureau, both of whom stand to benefit from the vacatur of the judgment, has opposed Plaintiff's motion; and that the public policy interest of maintaining the finality of judgments does not warrant denial of this

motion, see supra, Sec. II(A)(3), whereas the more compelling public policy interests of keeping homeowners in their homes, rehabilitating mortgage-lending relationships, and concluding bankruptcy support the grant of this motion.

## III. CONCLUSION

For the reasons discussed set forth above, the Court respectfully recommends that Plaintiff's motion be granted, vacating the default judgment of foreclosure and sale at ECF No. 20 and directing the cancellation of the related notice of pendency.[7]

## IV. OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

---

[7] NY CPLR § 6514(a) provides that "[t]he court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if . . . the action has been settled discontinued or abated." NY CPLR § 6514(c) further provides that "[t]he court, in an order cancelling a notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action." No party has requested an award of costs or expenses, so no such relief is recommended.

The Court will mail a copy of this report and recommendation to Fabian Astudillo at 212 Howard Avenue, Brooklyn, NY 11223, and the New York City Transit Adjudication Bureau at 130 Livingston Street, Brooklyn, NY 11201.

Dated: Brooklyn, New York
       August 23, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge